UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**DIGICEL GROUP HOLDINGS LIMITED**,[1]<br><br>**Debtor in a Foreign Proceeding** | Case No. 23-11479 (JPM)<br><br>Chapter 15 |

**ORDER GRANTING (I) RECOGNITION OF FOREIGN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, (III) FULL FORCE AND EFFECT IN THE UNITED STATES TO THE SCHEME AND SANCTION ORDER, AND (IV) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon the *Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Sanction Order and Related Scheme, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* [ECF No. 3] (the "**Motion**")[2] of Lawrence Hickey (the "**Foreign Representative**") of Digicel Group Holdings Limited ("**DGHL**" or the "**Debtor**"), which is subject to a reorganization proceeding entitled "In the Matter of Digicel Group Holdings Limited" concerning a scheme of arrangement under section 99 of the Bermuda Companies Act (the "**Scheme**") between DGHL and the Scheme Creditors, pending before the Supreme Court of Bermuda, Civil Jurisdiction (Commercial Court) (the "**Bermuda Court**"), 2023: No. 282 (the "**Bermuda Proceeding**"), for entry of a final order (this "**Order**"), pursuant to sections 105(a), 1504, 1507, 1509, 1510, 1515, 1517, 1520, 1521, 1522, and 1525(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), (a) granting the Motion and recognizing the Bermuda Proceeding as a "foreign main proceeding" (as defined in section 1502(4) of the Bankruptcy Code) of the

---

[1] The Debtor in this chapter 15 case (the "**Chapter 15 Case**"), and the Debtor's registration number, are: Digicel Group Holdings Limited (55491). The Debtor's registered office and mailing address are Clarendon House, 2 Church Street, Hamilton, HM 11, Bermuda.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

1

Debtor, pursuant to section 1517 of the Bankruptcy Code, all relief included therewith as provided in section 1520 of the Bankruptcy Code, and related relief under section 1521(a); (b) finding that the Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and that the Foreign Representative is authorized to act on behalf of the Debtor for purposes of the Chapter 15 Case; (c) entrusting the Foreign Representative with the power to administer, realize, and distribute all assets of the Debtor within the territorial jurisdiction of the United States; (d) recognizing and enforcing the Scheme in the United States and giving full force and effect, and granting comity in the United States, to the Sanction Order, including, without limitation, giving effect to the Releases set forth in the Scheme and to allow the Foreign Representative, the Debtor and their respective expressly authorized representatives and agents to take actions necessary to consummate the Scheme and transactions contemplated thereby; (e) permanently enjoining all entities (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative, the Debtor and their respective expressly authorized representatives and agents from (i) commencing, continuing, or taking any action in the United States that contravenes or would interfere with or impede the administration, implementation, and/or consummation of the Bermuda Proceeding, Scheme, or Sanction Order including, without limitation, to obtain possession of, exercise control over, or assert claims against the Debtor or its property or (ii) taking any action against the Debtor or its property located in the territorial jurisdiction of the United States to recover or offset any debt or claims that are assigned, subrogated, discharged, extinguished, novated, canceled or released under the Scheme (including as a result of the laws of Bermuda or other applicable jurisdiction, as contemplated under the Scheme) or the Sanction Order; (f) authorizing and directing the Directed Parties and any successor trustees to take any and all actions necessary to give effect to the terms

of the Scheme and transactions contemplated thereby; (g) exculpating and releasing the Directed Parties from any liability for any action or inaction taken in furtherance of and/or in accordance with this Order or the Scheme, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as determined by the Court; and (h) granting such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion, the Foreign Representative Declaration, Foreign Law Declaration and all other pleadings and papers in these cases establishing just cause to grant the relief set forth herein and that such relief is in the best interests of the Debtor and its estate and creditors; and the Court having held a hearing on the Motion on October 23, 2023, and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.　　The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.　　The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court has the statutory and constitutional authority to issue a final ruling with respect to this matter. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Foreign Representative, in his capacity as the Foreign Representative of the Debtor, has standing to make the Motion.

D. The Debtor has property and property rights within this district, and therefore, the Debtor is eligible to be a debtor in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

E. The Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

F. The Chapter 15 Case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code, and the Foreign Representative has complied with section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002 (except to the extent compliance with Bankruptcy Rule 1007(a)(4) has previously been waived by this Court).

G. Due and proper notice of the Motion and Hearing have been provided in accordance with the *Order Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice* [ECF No. 11] (the "**Scheduling Order**") and in compliance with the requirements of Bankruptcy Rule 2002(q), and no other or further notice need be provided.

H. The Bermuda Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

I. The Bermuda Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J. Bermuda is the center of main interest of the Debtor, and accordingly, the Bermuda Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the

4

Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.     The Foreign Representative and the Debtor, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code and to additional assistance and discretionary relief (including recognition and enforcement of the Scheme, the Releases contained therein, and the Sanction Order) pursuant to sections 1507 and 1521(a) of the Bankruptcy Code, to the extent set forth in this Order and subject to the limitations set forth in this Order.

L.     The Foreign Representative and the Debtor, as applicable, are entitled to the Court's cooperation under section 1525(a) of the Bankruptcy Code in implementing the Scheme in the form of relief granted by this Order on the terms provided herein. The terms of the Scheme before the Bermuda Court provided creditors and parties in interest with appropriate due process and are not manifestly contrary to U.S. public policy.

M.     The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of Chapter 15 of the Bankruptcy Code and to protect the Debtor and the interests of their creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

N.     The relief granted hereby (a) is essential to the success of the Bermuda Proceeding and Scheme; (b) is an integral element of the Bermuda Proceeding and the Scheme, and is integral to their effectuation; and (c) confers material benefits on and is in the best interests of the Debtor, its creditors and parties in interest.

O.     Absent the relief granted hereby, the Bermuda Proceeding and the Debtor's efforts to consummate the Scheme could be impeded by the actions of certain creditors and other persons, a result that would be contrary to the purposes of Chapter 15 of the Bankruptcy Code as set forth,

5

*inter alia*, in section 1501(a) of the Bankruptcy Code. If taken, such actions could threaten, frustrate, delay, and ultimately jeopardize the Bermuda Proceeding and implementation of the Scheme, and, as a result, the Debtor, its creditors, and such other parties in interest would suffer irreparable harm for which there is no adequate remedy at law.

P.     Each injunction contained in this Order (a) is within the Court's jurisdiction; (b) is necessary and appropriate to the success of the Bermuda Proceeding; (c) confers material benefits on, and is in the best interests of the Debtor and its creditors; and (d) is important to the overall objectives of the Debtor's restructuring.

Q.     Specifically, the injunctive relief set forth in this Order is appropriate and necessary to prevent the risk that the Bermuda Proceeding may be thwarted by the actions of particular creditors, a result inimical to the purposes of Chapter 15 of the Bankruptcy Code as set forth in section 1501(a) of the Bankruptcy Code. Such actions could put in peril the Debtor's ability to successfully restructure.

R.     The relief granted herein will not cause undue hardship or inconvenience to any party in interest, and to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, the Debtor, its estate, and its creditors.

    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The petitions for recognition and other relief requested in the Motion are hereby GRANTED, as set forth in this Order.

2.     All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court at the hearing on the Motion, if any,

or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

3.  The Foreign Representative is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in the Chapter 15 Case.

4.  The Bermuda Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5.  All relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Bermuda Proceeding, the Debtor, and the Debtor's assets located within the territorial jurisdiction of the United States, as applicable, including the application of section 362 of the Bankruptcy Code, which bars the commencement or continuation of actions against the Debtor and/or property of the Debtor located within the territorial jurisdiction of the United States.  The Debtor and its respective successors, agents, representatives, advisors, and counsel are entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

6.  The Sanction Order, the Scheme (including the Releases), any amendments, modifications, and all schedules, exhibits and other attachments to the Scheme, in each case subject to all terms, conditions, and limitations set forth therein, are hereby recognized, granted comity and given full force and effect within the territorial jurisdiction of the United States and for purposes of U.S. law with respect to the Debtor, and each is binding on all creditors of the Debtor, including all Scheme Creditors, the Directed Parties and any of their respective successors and assigns, subject to the terms of this Order.

7. Except as provided by or as may be necessary to enforce the terms of the Scheme, the Sanction Order, or this Order, all entities (as such term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative, the Debtor and their respective expressly authorized representatives and agents are hereby permanently enjoined and restrained from:

(a) execution against any of the Debtor's assets in contravention of the terms of the Scheme, the Sanction Order, or this Order;

(b) the direct or indirect commencement or continuation, including the issuance or employment of process or discovery, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim (as such term is defined in section 101(5) of the Bankruptcy Code), which in either case in any way relates to, or would interfere with, the administration of the Debtor's estate in the Bermuda Proceeding or the solicitation, implementation, or consummation of any transaction contemplated by the Scheme;

(c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, setoff, or other claim against the Debtor or any of its property with respect to any debt that is assigned, subrogated, discharged, extinguished, novated, canceled, released or otherwise being restructured pursuant to the Scheme, including, for the avoidance of doubt and without limitation, the Existing Notes;

(d) transferring, relinquishing, or disposing of any property of the Debtor to any entity (as such term is defined in section 101(15) of the Bankruptcy Code) other than by the Foreign Representative and his authorized representatives and agents or in any way attempting to obtain possession or control over any property of the Debtor, in each case, other than in a manner

8

consistent with and not in contravention of the terms of the Scheme, the Sanction Order, or this Order;

(e) to the extent they have not been stayed pursuant to section 1520(a) and 362 of the Bankruptcy Code, asserting any claims, commencing, or continuing any action or proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding, or process whatsoever), whether directly or by way of counterclaim (and from seeking discovery of any nature related thereto) concerning or otherwise relating to (i) the Debtor's property, assets, affairs, rights, obligations, or liabilities or (ii) any debt or claims that are assigned, subrogated, discharged, extinguished, novated, canceled or released under the Scheme (including the Releases), the Sanction Order, or as a result of Bermuda or other applicable law, including, for the avoidance of doubt and without limitation, the Existing Notes and the Indentures.

8. The Directed Parties are directed and authorized to take any and all lawful actions necessary to give effect to and implement the Scheme and the Sanction Order and the transactions contemplated thereunder, including, without limitation, the cancellation and discharge of the Existing Notes and the Indentures, and the issuance of the New Notes, subject to the terms and conditions of the documents under which they have or will be appointed to act. Further, the Directed Parties are hereby authorized to take any other lawful action as instructed by, and at the expense of, the Debtor that may be necessary to cancel the Existing Notes.

9. Subject to the continuing effectiveness of the Scheme and the Sanction Order, and upon the issuance of the New Notes, the Indentures, Existing Notes, instruments and certificates, and other documents evidencing the Scheme Creditors' claims and rights related thereto (including claims against the Indenture Trustee) shall be deemed satisfied, discharged, and cancelled

9

automatically and of no force or effect. Upon cancellation, all remaining positions on account of the Existing Notes on the books and records of the Indenture Trustee and DTC shall be terminated following the issuance of the New Notes.

10.     The Indenture Trustee, including its agents, attorneys, successors and assigns, are authorized and directed to provide DTC with the customary documentation accepted by it, as applicable, in order to cancel and remove the Existing Notes from DTC's records, as contemplated by the Scheme.

11.     The Directed Parties, including the Indenture Trustee, may conclusively rely upon and shall incur no liability and be exculpated and released from any liability for any action or inaction taken in connection with this Order, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct, in each case as finally determined by this Court.

12.     The Foreign Representative, the Debtor, and their respective expressly authorized representatives and agents in the United States are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including, without limitation, to implement the terms of the Scheme and related restructuring transactions and the Foreign Representative and the Debtor, as applicable, are authorized to use any property and to continue operating any businesses within the territorial jurisdiction of the United States.

13.     The administration, realization, and distribution of all or part of the assets of the Debtor within the territorial jurisdiction of the United States is entrusted to the Foreign Representative, and the Foreign Representative is established as the exclusive representative of the Debtor in the United States pursuant to section 1521(a) of the Bankruptcy Code.

14.     No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Scheme or any order entered in the Chapter 15 Case or in any adversary proceedings or contested matters in connection therewith, shall be deemed to constitute a waiver of the immunity afforded the Foreign Representative pursuant to sections 306 and 1510 of the Bankruptcy Code.

15.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

16.     A copy of this Order, confirmed to be true and correct, shall be served, within seven business days of entry of this Order, upon the Notice Parties, with such service being good and sufficient service and adequate notice for all purposes.

17.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, enforcement, amendment, or modification of this Order.

Dated: October 26, 2023
       New York New York

/S/ John P. Mastando III
UNITED STATES BANKRUPTCY JUDGE
HONORABLE JOHN P. MASTANDO III